Two of the judges were against a third trial. Mr. Justice Waties delivered the opinion of Mr. Bueke, and his own, as follows:
Waties, J.
A third trial has been, moved for in this case, on the part of the defendant, after two verdicts for the plaintiff; and the grounds on which it is moved, are, that the finding of the jury has been contrary to the limitation act, and the rules of evidence. The doctrine of law respecting new trials, has been so frequently considered, and the rules on the subject so fully settled and understood, that, it appears to me, nothing now remains in the discretion of the judges, but to make an application of these rules, to any particular case that may come before them. After having exercised my judgment in this manner, I am of opinion, that the defendant is not entitled to another trial. The objections made to the verdict have been urged with much ability, and some of them have, no doubt, great weight ; but they do not appear to me, to be sufficiently strong, to warrant us in setting aside this second verdict, after the liberal indulgence shewn on the former motion in favour of the defendant.
It was contended, that this action was not maintainable, because the plaintiff had lost his right of entry, having never *136 brought any action or made any entry on the land, either by himself or by those under whom he claimed, for more than sixty years ; and that the want of an adverse possession during that time, did not excuse him.
There is no doubt, that in England, the loss of a right .of entry is a bar to an action of ejectment; but I do not believe that a case has ever occurred there, in which this was allowed, where there was not an adverse possession existing. But it is not material to ascertain what would be the determination of an English court, in a case like the one before us ; for it is very clear to me, that agreeably to our act of limitation, and the practice under it, the plaintiff has not lost his right of entry; and that this right, can only be taken away by an adverse possession under the act. Our action of ejectment, or the action of trespass substituted in the room of it, is adequate to every end, and possesses all the advantages of every real action in England, from an ejectment to a writ of right; and neither a descent cast, nor a want of entry, nor the omitting to bring an action within five years, will be any bar to it, if there has been no adverse possession running against it.
This is known to be the constant practice, and we see in Court every day, lands recovered which are claimed under ancient grants, of which the plaintiffs never had possession ; and the right to which had accrued many more than five years before bringing the action ; and this appears to be the intention of the act. It requires that an action should be brought within five years for the recovery of land, after the right to it accrues. But how is an action to be brought, if some person is not in possession ? How is the writ to be served ? If .the legislature had intended that a claim should be made every five years, whether there was an adverse possession or not, it would have prescribed some mode of making this claim on the land ; but its requiring an action to be brought, necessarily implies that there must be an adverse possession to found it on ; and that without this, no lapse of time will take away either the right of entry, of *137 •right of property. Verdicts without number, have been found agreeably to this construe ion of the act, and it has now become a rule of property ; we should not be at liberty to overturn it, even if it was erroneous.
Another ground on which this third trial is moved for, is, that the verdict has been found against the rules of evidence. An objection of this son, ought always to command the serious attention of the judges. It is of infinite importance, that the laws should have a steady and uniform operation; for in this chiefly consists the freedom of our government, and the substantial liberty of every citizen. If therefore, it appeared to me, that any clear and fixed principles of law was violated, I should not hesitate in granting a third trial, or even a fourth, but I do not see that this is the case before us. It appears to me, that the verdict is not inconsistent with the rules of evidence,’ and if we should set it aside, I think in this instance we should be intrenching on the constitutional and rightful pro* vince of the jury. From the report of the judge who tried the cause, (as in the former case,) it appears, that the titles of both the parties were of ancient origin, and both of them founded on deeds. Each one claimed under Landgrave ’Thomas Smith. The defendant shewed an unbroken chain, of titles, and the only uncertainty in his claim, was, as to the locality of the land.
The plaintiff’s deeds were all regular up to Benjamin Waring, a son-in-law of the landgrave ; but a conveyance to him from the landgrave was wanting. The plaintiff, however, offered a variety of circumstances, to prove the existence of such conveyance, and the loss by fire ; which the judge suffered to go to the jury: and the jury have presumed from these circumstances, that such a deed did exist, and was lost, and have therefore found for the plaintiff.
. There are two things to be considered. 1st. Whether such kind of evidence is legal, or not ? 2d. Whether it was properly left to the jury or not ? There can be no doubt as *138 to the first point; it is very clear, that the existence and loss of a deed, may be presumed by a jury from circumstances ; all the cases quoted on both sides, recognise the principle ; and the only control which the judges have over the right of the jury, is, to require that there shall be some ground to raise the presumption upon; and that this ground shall not be a light and frivolous one. But if the circumstances offered in evidence are thought of sufficient weight to be left to a jury, and they presume a fact from them, we have no power afterwards to judge of the strength of them, and to say that the verdict is not well founded ; to do so, would be to control the judgment of the jury, on the sufficiency of evidence legally determinable by them ; which would be to subvert a fundamental right.
With respect to the second point, I think the circumstances were of importance enough to be left to the jury. It is true, that the recital in the missing deed, in Benjamin Waring's deed to George Smith, was no legal proof of itself, of the existence of such a deed; nor was any other single unconnected fact, alone, which was given in evidence ; but it appears, that they were offered only as circumstances, which collectively taken together, and weighed, might amount to such proof; and in my opinion, they deserved the consideration of the jury. The recital in Mr. Waring’s conveyance to George Smith, of the missing deed : his relation to the landgrave, and connection in the family ; the attestation of some of the same family to this deed; the continued conveyances of the land, from that time to this, through a great many hands, many of whom have paid a valuable consideration for it; and many other circumstances stated, were worthy of consideration. There was one which I do not recollect was dwelt upon in the argument, that I think of great weight; each party, it appears, disputed the location of the other’s claim, and the surveyors differed about it j but the jury have found that the plaintiff’s location was right. It must be admitted, that they were (as to this point) the exclusive judges; it was a fact for their determination only; they *139 have ascertained, then, that the land conveyed by Benjamin Waring, is the land in dispute ; and that the land to which the defendant is entitled, lays elsewhere. It is true, that the plaintiff must supply by legal evidence, the want of a conveyance from Landgrave Smith to Benjamin Waring, or he cannot recover ; but if the verdict ascertains the fact, that the land in dispute is not that which has been conveyed by the landgrave to the defendant, but that his land lays elsewhere, it follows, that the land in dispute must either have been conveyed by the landgrave to Benjamin Waring, or to some other person, or not conveyed at all; as no other claim however appears, and probably no other exists, it may reasonably be inferred, that this land was conveyed to B-Waring; it is at least a strong circumstance, concurring with many others, on which I think a jury were legally authorized, to raise a presumption of this fact.
Presumption, a!'lsIns from. ces could not have existed, factTLdpret exl3ted'
An objection was made to this kind of evidence, that it was only admissible to support a right in possession ; but never to defeat such a one. I admit that possession is highly favoured, by the law, and perhaps a presumption in support of it, would be preferred to one of equal weight against it. But I have no doubt that it may be good evidence against possession, and may be raised from circumstances strong enough to defeat it; there is no good reason why it should not. Presumption is allowed to prove facts, even in criminal cases ; and one of the highest modes of proof, is, to shew the existence of circumstances which could not have existed, if the fact to be proved had not pre- • * r existed. And what is this kind of proof but presumption ? A single circumstance may have little strength, and of itself. afford no foundation ; but when joined to many more of the same nature, all fitting each other, and having the same relation, the whole united, may form an arch strong enough, to support a presumption of the most important fact. After all, if the objections to this verdict had much more weight with me, than they have, yet I would not disturb this last verdict, for another reason. A second trial has already *140 been' granted, and two special juries have concurred, in find<« ing the same facts ; I think we have no authority to interfere any further. For although I would never surrender a plain and certain rule of law to the caprice of a jury, or any . number of juries ; yet in a case where the law is complicated with facts, so that the construction and application of it, must depend on the finding of facts, two concurrent verdicts even against the opinion of the judges, ought to be conclusive. As the present case appears to me to be such a one, I think a third trial ought not to be granted.
BuRke, J. concurred with Waties, J.
Giumke, J.
contra. Although he had sent this cause to the jury on the second trial, yet it was done under a charge, that he did not think any one part of the evidence offered to-supply the existence and loss of the deed, came up to the rules of evidence required on such occasions ; and if so, then any combination of unsubstantial parts, could never remedy the defect, and his reasons were these. In the first place, it is a well known rule of law, that a plaintiff must recover by the strength of his own title, or fail in his action. It is no matter howr weak his adversary’s may be, for unless he can make out his claim, it falls to the ground ; for possession gives a man a right to hold against every man, who cannot shew a good title, 4 Burr. 2487. tías th® plaintiff done so in the present case ? no, he has not; he has failed in one essential link of it, that is in proving the conveyance from Landgrave Smith the original grantee, to Benjamin Waring. Here he has stumbled at the threshold of his cause, and in no part of his testimony, has he ever been able to get over it. It is to be recollected, that the plaintiff has endeavoured to make out his title, by regular deeds of conveyances from the original grantee down to himself. One of the first rules of law in the production of deeds of conveyance, is, that you must produce the deed itself in evidence to a jury, and must prove it by one witp *141 ness at least, Bull. N. P. 254. The next rule Is, that if the deed is in the hands of the opposite party, who upon being called on, refuses to produce it, a copy of it will be good evidence ; so where it is proved that the deed is lost by fire, or other accident, a copy of it may be given in evidence ; and if you have no copy, you may give parol proof of the contents. Now how have these rules of law been supported by the evidence in the present case Í It is not pretended that any deed is even in existence ; nor a copy of it, nor any record of it to be found ; but it is alleged to have been lost, when Mr. Allston's house was consumed by fire. Is there any proof that it ever did exist, or that the landgrave ever executed it, or that he ever in his life-time, directly or indirectly, acknowledged that he had executed such a deed, or that it ever came into Mr. Alistónos possession ? or that it was in the house that was consumed by the fire ? or that Mr. Allston ever acknowledged, that such a deed had been destroyed ? Not one scintilla of evidence has been offered, to prove or substantiate any one of these important facts : so far then he was bold to say, that the existence and loss of this pretended deed was totally unaccounted for, by any one known and established rule of law.
The next principle of law resorted to, in support of this deed, was a recital in the deed from Benjamin Waring to George Smith, under whom the plaintiff claims ; let us examine this principle, and see how it will bear the plaintiff out in his title. “ A recital is the making mention in a deed “ or writings of something which has been made or done be-a fore.” 2 Lill. Abr. 416. This like all other acts done by a man, is good evidence against himself and all claiming under him, but is no evidence for himself; otherwise a man might fabricate as many deeds as he pleases, and make as many recitals in them as he pleases; and if they were permitted to be evidence of pre-existing rights, a man might carve out to himself, any, or as many titUs as he thought proper. Therefore the law has very wisely laid down this rule, to guard against the bad effects of recitals in deeds of convej anee. A recital is not conclusive, because *142 it is no direct affirmation, and by feigned recitals in a true deed, men might make what recitals they please, since false recitals are not punishable. 1 Inst. 352. 2 Lev. 108. Again it is laid down, in 2 Lill. Abr. 416. the recital of one lease in Rnot'aeri not a sufficient proof that there was such a lease, as is recited,, Faugh. 74, 75. without producing it, or the enrolment of it. 2 Lev. 109. But the recital of a lease, in a release, is good evidence of a lease against the releasor, and those who claim under him, Mod. Cas. 44. Lill. Abr. 417. Again it is laid down, that a recital cannot make a first lease good, which was not good before, or put the party in a better condition than he was in before, Dal. 13. pl. 23. Com. Dig. tit. Recital. From these numerous authorities, it is most evident, that a recital in a deed is no evidence on behalf of a man, although it may be good against him ; as recitals in a deed for transferring property respecting the grantor’s estate, will by construction of law, amount to a covenant or agreement, that he is entitled to the property he recites. 1 Powell on Contracts. 235. Now examine the recital under consideration. 1st. Who is it made by ? the answer is by Benjamin Waring, under whom plaintiff claims in his deed to Smith. In this deed he recites a deed from the landgrave to himself. Is this then not giving himself a title by his own recital in his own deed to Smith. ' Is this not carving out to himself, by his own act, a title in a mode and manner, which all the above authorities go to prove amount to nothing. It is, as Mr. Plowden says, mere babble. Mr. Brown, the present plaintiff, might as well have gone into court, and told the jury the land was his, and he had a right to it, for that Smith, under whom he claims, had a right to it, because Mr. Waring who sold it to Smith, said he had a right to it. Would this jargon have been any evidence of title to a jury ? It would have been an insult offered to their understandings, to have told them so. In all this business, the landgrave is a passive agent; nothing is shewn from him, to prove that he ever parted with his right; not even a recital in any deed existing. If even a recital in any *143 deed from him, to any person whatever, bad been produced then it might have gone to the jury, as presumptive evidence that he had parted with his right; but nothing of that nature was produced or shewn ; not even parol testimony of it. The fabric which has been erected on this recital, like the existence and loss of the deed, vanishes in air, and leaves not a wreck behind, to build even a presumption upon.
Trials per Pais, 392.
. Lessee of All. ston v. Saun-der$9 Bay's e<tlt>
Presumptions, to deserve the countenance'or support of a court and jury, must have something to support them ; something to stand upon ; some strong leading facts should have been proved in the case, from whence the jury would be warranted in these conclusions; but here there were none. Where possession has gone along with the land for ° . a number of years, it is strong presumptive evidence that there must have been a grant for it, which may have been lost by time or accident. So deeds and other evidences may all be presumed by length of possession ; but in the present case, it is not even pretended that the plaintiff was ever an hour in possession : on the contrary, the defendant is in possession, the law supposes him in possession of the premises. This presumption, therefore, is not to support a right already enjoyed, but to defeat one ; and presumptions in support of a right, are always to be preferred, to those which go to destroy a right. Upon the whole, he said, that so strongly impressed was he, that there was nothing to support this action offered to the jury, that he would have directed a nonsuit, had not a respect to the opinions of his brethren on the first motion for a new trial, prevented him from directing it on this second trial, as soon as the parties had closed their testimony on both sides. In his charge, however, to the jury, he had given his sentiments very fully; but the jury thought proper to find against his opinion, and as he was well assured in his own mind, that there was no evidence to support the verdict, he thought it ought to be set aside, and a third trial ordered.
*144 With regard to the writ of right, he readily accorded with his brethren, in opinion, that such a kind of procedure was never in use in this country; and that the omission to bring an action within sixty years, was no bar to the action of ejectment, or trespass in this state, which might be commenced at any time, or given period, after a right accrued ; except in cases only where there was an adverse possession; then within five years after such possession commenced, otherwise the plaintiff’s right was gone under the limitation act.
Bat, J.
agreed in opinion with Grimke, that this second verdict ought not to stand, as there was-no legal evidence to support it; and it was of great importance to the landed interest of this country, that these rules of evidence should not only be well known, but always rigidly adhered to, as the stability of the titles of the freeholders of Carolina, depended very much upon them. No part of the testimony offered in this case when taken separately, proved the plaintiff’s right; and when taken collectively, they were so disjointed, and unconnected, as rendered it impossible for them to stand together. But upon the last point of the case, he perfectly agreed with his brethren, that the not bringing of an action of ejectment or trespass -within sixty years, did not bar the plaintiff’s right of bringing it at any period after the expiration of that time ; there was nothing which could stand in his way but an adverse possession, which under our limitation act, might be pleaded in bar to his recovery.
The judges being equally divided in opinion, the plaintiff took nothing by his motion.
Rule for new trial, was of course discharged.